UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Robert E. Snelgrove,

    Plaintiff,

    v.                                          Civil Action No. 2:20–cv–146–jmc

Herman LeBlanc,

    Defendant.

**REPORT AND RECOMMENDATION**
(Doc. 2)

Plaintiff Robert E. Snelgrove initially filed this action in Orleans County Superior Court in Vermont on August 18, 2015. (Docs. 2-1, 2-2.) In the Complaint, Snelgrove requested, pursuant to Vermont law, the partition of a property that was, at the time the action was filed, owned by Snelgrove and three members of the LeBlanc family as tenants-in-common. (Doc. 2-1 at 2–3, ¶¶ 5–8; *id.* at 4, ¶ 12.) The matter was fully adjudicated in the state court and ultimately closed on July 16, 2019. (Doc. 2-2 at 15.) On September 28, 2020, Defendant Herman LeBlanc removed the case to this court on the basis of both federal question and diversity jurisdiction. (Doc. 1.) Snelgrove has moved to remand. (Doc. 2.)

For the reasons described below, I recommend Snelgrove's Motion to Remand (Doc. 2) be GRANTED.

## Factual and Procedural Background

The parties are former neighbors who have a long and complex history of litigation relating to a boundary dispute and associated partition and property damage actions.[1] The Court assumes the parties' familiarity with the underlying facts and therefore only briefly summarizes the facts here.

On August 18, 2015, Snelgrove filed this action in the Vermont state courts, seeking the right to partition, under state law, a parcel of land located on Lake Memphremagog. (Doc. 2-1; Doc. 1-1 at 1.) At the time the Complaint was filed, Snelgrove and three members of the LeBlanc family each owned a one-quarter interest of the property as tenants-in-common. (Doc. 2-1 at 2–3, ¶¶ 5–8.) Between the fall of 2015 and the summer of 2016, Snelgrove acquired two more interests in the property, therefore holding a three-quarter interest, and Herman LeBlanc acquired a one-quarter interest. (Doc. 1-1 at 1.) Accordingly, Snelgrove moved to amend his Complaint and filed an accompanying certificate of service on May 13, 2016, and LeBlanc was formally substituted as a defendant to the litigation on September 28, 2016.[2] (Doc. 2-2 at 7–8.)

On June 19, 2017, the superior court held that Snelgrove, as a tenant-in-common, was entitled to partition the property. (Doc. 2-3 at 2.) On February 9,

---

[1] LeBlanc has removed three related actions to this Court: the litigation concerning the boundary dispute, 20-cv-147; this partition action, 20-cv-146; and an action concerning destruction of property on Snelgrove's land, 20-cv-148. Snelgrove has moved to remand all three cases. Each is considered in separate reports and recommendations on the corresponding dockets.

[2] LeBlanc had previously been granted permission to intervene as an interested party on February 19, 2016. (Doc. 2-2 at 5).

2

2018, after finding that physical partition was not feasible and that neither party had requested it, the court ordered LeBlanc to convey his one-quarter interest in the property to Snelgrove for an equitable amount, which the court determined to be $182,760.  (Doc. 2-4 at 9.)  LeBlanc appealed and the Vermont Supreme Court affirmed the judgment on November 21, 2018.  *See Snelgrove v. LeBlanc*, No. 2018-104, 2018 WL 6167392 (Vt. Nov. 21, 2018).  After LeBlanc refused to execute a deed transferring his interest in the land in accordance with the judgment of partition, the trial court issued an order conveying his interest in the property to Snelgrove on May 13, 2019.  (Doc. 2-5.)  The trial court then closed the matter on July 16, 2019.  (Doc. 2-2 at 15.)  LeBlanc filed no further appeals.

On September 28, 2020, LeBlanc filed a Notice of Removal in this Court, primarily asserting diversity jurisdiction.  (Doc. 1 at 2.)  Snelgrove has now moved to remand, arguing that LeBlanc's removal is untimely.  (Doc. 2.)

## Analysis

Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Thus, a civil action may only be removed to federal court if it "could have been brought, originally, in a federal district court."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005).  District courts must "construe the removal statute narrowly, resolving any doubts against

removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, . . . the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also Aurora Loan Servs, LLC v. Koellmer*, CIVIL ACTION NO.: 3:16-cv-00233 (VAB), 2016 WL 9818438, at *1 (D. Conn. Apr. 5, 2016) ("The party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied.").

Here, Snelgrove argues that LeBlanc's Notice of Removal is untimely. (Doc. 2 at 2–3.)  Pursuant to 28 U.S.C. § 1446(b)(1), a defendant has 30 days to remove a case to federal court after the complaint is filed in the state court.  In cases where the initial pleading did not state a removable case, but the action later becomes removable, then the 30-day clock begins to run when the defendant receives a filing "from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Even in the latter scenario, a defendant who seeks to remove a case on the basis of diversity jurisdiction must do so within one year after commencement of the action.  *Id.* § 1446(c)(1).  The only exception to this one-year limit is in cases where "the district court finds that the plaintiff has acted in bad faith in order to prevent [the] defendant from removing the action."  *Id.*  However, the bad-faith exception is a narrow one as Congress intended the exception to be "limited in scope."  *Nocelli v. Kaiser Gypsum Co.*, No. 19-CV-1980

4

(RA), 2020 WL 230890, at *4 (S.D.N.Y. Jan. 15, 2020) (quoting H.R. Rep. No. 112-10 at 15).

In this case, the Complaint was filed on August 18, 2015 and LeBlanc was substituted as a party and served no later than September 28, 2016. (Doc. 2-2 at 1–2, 7–8.) LeBlanc removed to this Court four years later, on September 28, 2020. (Doc. 1.) Thus, his Notice of Removal was plainly filed outside the 30-day period prescribed by 28 U.S.C. § 1446(b)(1). Even if LeBlanc relies on diversity jurisdiction as the basis for removal, he removed well over one year after the action was originally commenced.³ *See* 28 U.S.C. § 1446(c)(1). Moreover, he has not alleged that Snelgrove acted in bad faith in order to prevent him from removing the case. *Id.* Accordingly, LeBlanc's Notice of Removal is untimely.

More fundamentally, this Court lacks jurisdiction because the action was closed by the state court on July 16, 2019. (Doc. 2-2 at 15.) "Generally, there is no jurisdiction to remove closed cases because if a case is closed, no case or controversy exists. Therefore, removal is not possible where the case reached final judgment in state court." *U.S. Bank, N.A. v. Polanco*, Case No. 12-81264-Civ-Ryskamp/Hopkins, 2013 WL 12096360, at *1 (S.D. Fla. Apr. 24, 2013) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2013 WL 12095595 (S.D. Fla. May 23, 2013). Indeed, 28 U.S.C. § 1441(a) specifically contemplates that a

---

³ It appears that the basis for diversity jurisdiction was apparent by at least February 9, 2018, when the trial court ordered Snelgrove to pay the equitable value of $182,760 to LeBlanc for his one-quarter interest in the property. *See* Doc. 2-1 at 2, ¶ 1 (pleading Snelgrove's Canadian citizenship); Doc. 2-4 at 9 (ordering Snelgrove to pay LeBlanc $182,760 less the $107,000 attachment lien from the related property destruction action). Thus, even if LeBlanc could argue that the 30-day clock started at this later date pursuant to 28 U.S.C. § 1446(b)(3), he would be still barred by the one-year limit set forth in § 1446(c)(1).

case must be "pending" in order to be removed to a federal district court. Thus, because the action was closed by the state court well before removal, such removal was frivolous and this Court lacks jurisdiction. Therefore, in accordance with 28 U.S.C. § 1447(c), I recommend this case be remanded to the Orleans County Superior Court where it was last pending.

## Conclusion

For these reasons, I recommend that Snelgrove's Motion to Remand (Doc. 2) be GRANTED. The Clerk of the Court is requested to assign this case to a United States District Judge for consideration of this Report and Recommendation. In the interest of judicial economy, the Clerk of the Court should consider assigning two related cases (*Snelgrove v. LeBlanc*, Civil Action No. 2:20-cv-147; *Snelgrove v. LeBlanc*, Civil Action No. 2:20-cv-148) to the same Article III judge who is assigned to this case as the cause of action and issues are similar in all three.

Dated at Burlington, in the District of Vermont, this 5th day of November 2020.

/s/ John M. Conroy          .
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).